Citation Nr: 1550146 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 11-26 290 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUES

1. Entitlement to service connection for degenerative joint disease of the right knee.
 
2. Entitlement to service connection for degenerative joint disease of the left knee.


REPRESENTATION

Appellant represented by: Nevada Office of Veterans' Services


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

A. G. Alderman, Counsel


INTRODUCTION

The Veteran served on active duty from February 1962 to February 1986.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada.

A hearing was held in May 2012 in Las Vegas, Nevada before Kathleen K. Gallagher, a Veterans Law Judge, who was designated by the Chairman to conduct the hearing pursuant to 38 U.S.C.A. § 7107(c), (e)(2) and who is rendering the determination in this case. A transcript of the hearing testimony is in the claims file.

In October 2014, the Board remanded this matter for additional development, which has not been substantially completed. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Reason for Remand: To obtain an addendum opinion.

The Board remanded this matter in October 2014, in part, to obtain an opinion from a VA examiner addressing the etiology of the Veteran's bilateral knee degenerative joint disease. An opinion was received in May 2015. However, the Board finds that the opinion is inadequate for rating purposes because the examiner did not provide an adequate rationale for the opinion. Specifically, the examiner did not discuss the Veteran's lay contentions and based the opinion solely on the lack of documentation of knee complaints in service treatment records. 

The Board has reviewed the evidence and finds the Veteran is competent to report that he injured his knee during his Senior Non-Commissioned Officer (NCO) Academy training in 1983. See Correspondence, September 2010. The Board also notes that during the December 2010 VA examination, the Veteran said he recalled insidious onset of slow left knee pain in 1963 precipitated by physical training running exercises. He also reported experiencing spontaneous escalation of left knee pain in 1983 and was treated at Gunter Air Force Clinic on one occasion for knee complaints. The Board finds the Veteran competent to report his knee pain and his one-time treatment in 1983. On remand, the examiner should discuss the Veteran's lay statements and explain whether his reported symptoms during service are at least as likely as not related to his subsequently diagnosed bilateral knee degenerative joint disease. In rendering the opinion, the examiner must address a notation in the September 1985 occupational examination which shows a report of prior knee swelling, the treatment record showing a left knee strain in August 1992, and x-rays showing degenerative change in the right knee in November 1995.

Accordingly, the case is REMANDED for the following action:

1. Obtain updated treatment records from Michael O'Callaghan Federal Hospital, if any.

2. Ask the May 2015 VA examiner to provide an addendum opinion addressing the etiology of the Veteran's bilateral knee degenerative joint disease. The examiner must be provided an entire copy of this remand and access to the electronic claims file on Virtual VA and VBMS.

After reviewing the record, the examiner must opine whether it is at least as likely as not (50 percent probability or more) that the bilateral knee degenerative joint disease manifested during or as a result of service.
(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.)

The examiner is must comment on the Veteran's lay statements indicating insidious onset of slow left knee pain in 1963 precipitated by physical training running exercises and indicating an injury and one time treatment while at his NCO Academy in 1983. The examiner must be notified that the Veteran is competent to report his injuries and pain during service. In light of the Veteran's statements, the examiner must opine whether the Veteran's reported symptoms during service were at least as likely as not indications of or precursors to the degenerative joint disease of the right knee noted in 1995 and bilateral degenerative changes noted in 1998.

In rendering the opinions, the examiner must address a notation in the September 1985 occupational examination which shows a report of prior knee swelling, the treatment record showing a left knee strain in August 1992, and x-rays showing degenerative change in the right knee in November 1995.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. If the examiner cannot provide any requested opinion, he/she should provide specific reasons for the inability to do so.

3. Then, readjudicate the Veteran's claims on appeal. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case. Allow an appropriate period of time for response.


The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).